IN THE CIRCUIT COURT FOR HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| LISA WHITLEY, | ) |
| Plaintiff. | ) JURY DEMAND |
| v. | ) DOCKET NO. 22C1201 |
| WEST CARGO, INC., GELIN CARILUS, and ALLIANCE SHIPPERS, INC. | ) DIVISION |
| | ) SERVE THROUGH SECRETARY OF STATE |
| Defendants. | ) |

*FILED IN OFFICE 2022 NOV 22 PM 1:10 LARRY L. HENRY CLERK BY LA DC*

# SUMMONS

TO: **Gelin Carilus**
    Defendant

**1770 10th Way SW, Vero Beach, FL 32962**
    Address

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WITNESSED AND ISSUED this 22nd day of November, 2022.

LARRY L. HENRY, Circuit Court Clerk

By: _____
DEPUTY CIRCUIT COURT CLERK

Attorney for Plaintiff: Annette T. Kelley, The Hamilton Firm, 2401 Broad Street, Ste. 102, Chattanooga, TN 37408 / Phone:(423) 634-0871/Fax:(423) 634-0874

*RECEIVED STATE OF TENNESSEE SECRETARY OF STATE RE HARGETT 2022 NOV 29 AM 9:33*

Received this _____ day of _____, 20___

/s/ _____
Deputy/Sheriff

ADA COORDINATOR, FOR ASSISTANCE CALL (209-7500)

**State of Tennessee,
County of Hamilton**

I, Larry Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

Larry L. Henry, Circuit Court Clerk

By_____D.C.

## OFFICER'S RETURN

I received this summons on _____. I certify that I served this summons together with the complaint as follows:
(Date)

☐ On, _____, 20_____, I delivered this summons and a complaint on defendant, _____
(Date)

_____.
(Printed Name of Defendant)

☐ failed to serve this summons within ninety (90) days after its issuance because:

_____

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of _____, 20_____.

_____
Defendant

**Larry Henry, Circuit Court Clerk**

By_____D.C.

### NOTICE TO DEFENDANT(S)

Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.




**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

**Tre Hargett**
Secretary of State

THE HAMILTON FIRM LLC
SUITE 102
2401 BROAD STREET
CHATTANOOGA, TN  37408

## Receipt Detail

Receipt ID: 007621253
Receipt Date: 11/30/2022
Receipt Total: $20.00

| Item | Description | Check/Ref # | DLN # | Price | # | Amount |
|---|---|---|---|---|---|---|
| Summons | Summons | 13155083 | | $20.00 | 1 | $20.00 |
| Payment-Check/MO | THE HAMILTON FIRM LLC, CHATTANOOGA, TN | 10158 | B1284-8202 | $20.00 | 1 | ($20.00) |

| | |
|---|---|
| LISA M. WHITLEY, | : |
| Plaintiff, | : |
| | : DOCKET NO. 22C1201 |
| VS. | : |
| | : DIVISION _____ |
| WEST CARGO, INC., | : |
| GELIN CARILUS, and | : |
| ALLIANCE SHIPPERS, INC, | : |
| Defendants. | : |

## COMPLAINT

COMES NOW Plaintiff, LISA M. WHITLEY, and files her complaint against Defendants WEST CARGO, INC., GELIN CARILUS and ALLIANCE SHIPPERS, INC., and shows to the Court as follows:

1. Lisa M. Whitley ("Plaintiff") is a resident of the State of Alabama.

2. Defendant West Cargo, Inc. ("West Cargo") is an Illinois corporation, with its principal place of business at 13800 California Avenue, Blue Island, IL 60406. Defendant West Cargo, Inc. maintains a BOC-3 agent for service of process in Tennessee through the Federal Motor Carrier Safety Administration (FMCSA) as Sharon Lees Fuel Tax Service, LLC, 1726 Carroll Road, Morristown, TN 37813 and can be served with process at that address.

3. Defendant West Cargo does business in the State of Tennessee, including but not limited to, transporting commerce in and through the State of Tennessee on a regular and continuing basis.

4. Defendant West Cargo is a for-hire motor carrier who was operating a tractor-trailer while transporting property in interstate commerce at the time of the wreck.

5. Defendant West Cargo is subject to the jurisdiction of this Court pursuant to T.C.A. §§ 20-2-203 and 20-2-214.

6. Defendant Gelin Carilus (hereafter "Carilus") is a resident of the State of Florida, residing at 1770 10th Way SW, Vero Beach, FL 32962, and can be served through the Tennessee Secretary of State pursuant to T.C.A. §20-2-203.

7. Defendant Carilus is known to be an employee and/or agent of West Cargo and was operating a white 2016 Volvo tractor trailer in the scope and course of his employment at the time of this incident.

8. Defendant Carilus is subject to the jurisdiction of this Court pursuant to T.C.A. § 20-2-223(a)(3).

9. Defendant Alliance Shippers, Inc., (hereinafter referred to as "Alliance") is a corporation formed in New Jersey, with its principal place of business at 1516 Sylvan Avenue, Englewood Cliffs, NJ 07632-3022. Defendant Alliance is a Freight Forwarder/Broker/Motor Carrier registered with the Federal Motor Carrier Safety Administration with USDOT Number 2211955; MC-00157679. Defendant Alliance maintains an agent for service of process in Tennessee through the Tennessee Secretary of State as follows: David Hoffman, 321 Walnut Ct, Gallatin, TN 37066-4438, and can be served at that address.

10. The Defendants, having committed tortious acts and omissions within this State, and having entered into contracts for services to be rendered or materials to be furnished in this State, are subject to the jurisdiction of this Court per the Long Arm Statutes.

11. Venue is proper in this Court.

12. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case as the Defendants were required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

13. At the time of the incident, Defendant Carilus was operating a vehicle for West Cargo.

14. At the time of the incident, Carilus was an employee and/or agent of West Cargo.

15. Upon information and belief, at all times relevant hereto, Carilus was a driver for West Cargo and acting within the scope and course of the business of West Cargo.

16. Prior to the wreck referenced above, GE Appliances-Decatur, LLC contracted with Alliance to ship 72 packages weighing 11,808 lbs. from Decatur, Alabama to HD Supply Facilities Maintenance, Ltd. located at 1100 John Galt Way, Burlington, NJ.

17. On the Bill of Lading for the shipment referenced in the foregoing paragraph, "GE Appliances, a Haier Company" is identified as the shipper, and "Alliance Shippers, Inc." is identified as the "Carrier". The load was being shipped to "HD Supply Facilities Maintenance, Ltd."

18. West Cargo and/or Carilus acted as Alliance's agent in transporting the load, and at the time of the wreck, Alliance, or though their agents, exercised control over West Cargo and its driver, Carilus.

19. West Cargo transported Alliance's load under a bill of lading (BOL).

20. The BOL gave Alliance the authority to control West Cargo in its operation as an interstate motor carrier.

21. At all times relevant hereto, West Cargo and Carilus were each acting in the course and scope of the business of Alliance.

22. Alliance hired West Cargo to transport the goods and both West Cargo and Alliance profited from the relationship.

23. Alliance and West Cargo formed a joint enterprise to deliver the load that West Cargo was transporting at the time of the wreck, and Alliance entered into an agreement with West Cargo as to how each would share profits from the delivery of this and other loads in interstate commerce.

24. Alliance acted as a broker between the shipper and receiver identified herein.

25. Alliance acted as a motor carrier for the shipper and receiver identified herein.

26. In addition and/or in the alternative, Alliance was acting as a motor carrier at all relevant times, and as a result, is the statutory employer of Defendant Carilus.

27. On or about February 2, 2022, Lisa Whitley was driving a 2011 Nissan Altima traveling east on I-24 near mile marker 173 in Hamilton County, TN.

28. At the above-described time and place, Defendant Carilus, in the course and scope of employment with Defendant West Cargo, was operating a commercial motor vehicle also traveling east on I-24 in the lane to the left of the Plaintiff.

29. The commercial motor vehicle being operated by Defendant Carilus was a 2016 Volvo tractor trailer owned by Defendant West Cargo.

30. In addition, and/or in the alternative, Defendant Carilus was acting under a lease agreement with West Cargo.

31. At the above-described time and place, Defendant Carilus suddenly and without warning attempted to move from the left lane of travel to the right lane, where Plaintiff was already traveling.

32. Defendant Carilus forcefully collided with the left side of Plaintiff's vehicle, forcing her vehicle to smash into a guard rail with the right side of her vehicle.

33. The impact between the Defendant's tractor-trailer and Plaintiff's vehicle caused property damage and resulted in injury to Plaintiff.

34. At the time of the incident, Carilus failed to exercise due care by driving the 2016 Volvo tractor trailer carelessly and erratically, disregarding the actual and potential hazards then existing, and failing to adequately operate his vehicle.

35. At all times relevant hereto, Plaintiff exercised ordinary care.

36. At the time and place of this collision, Carilus was generally negligent under the circumstances then and there existing by:

    a. Failing to keep his vehicle under control;

    b. Failing to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the collision;

    c. Failing to maintain a proper lookout;

    d. Failing to see what he should have seen;

    e. Failing to use reasonable care to avoid a collision;

    f. Being negligent under the circumstances and conditions then existing;

    g. Failing to operate his vehicle in a manner considerate of the safety and lives of the other persons lawfully on the road;

    h. Such other actions or inactions that may be shown at a hearing of this cause.

37. At the time and place of this accident, the Defendant Carilus was negligent *per se* in that he was violating one or more of the statutes of the State of Tennessee; to include but not be limited to:

    a. T.C.A. § 55-8-136;

    b. T.C.A. § 55-8-197;

    c. T.C.A. §55-8-123;

    d. T.C.A. §55-8-103;

e. T.C.A. §55-8-142;

f. T.C.A. §55-8-143.

38. West Cargo was negligent in hiring and/or contracting with Carilus to drive the 2016 Volvo tractor trailer at issue.

39. West Cargo was negligent in entrusting Carilus to drive the 2016 Volvo tractor trailer professionally.

40. West Cargo was negligent in retaining Carilus to drive the tractor trailer at issue.

41. West Cargo failed to conduct proper and required checks on the background of their employee, agent and/or contractor, Carilus.

42. The negligence of Defendants was a proximate cause of the injuries sustained by the Plaintiff.

43. Defendants formed a joint enterprise to deliver the load that was being transporting at the time of the wreck, and Defendant(s) entered into an agreement with each other as to how each would share profits from the delivery of this and other loads in interstate commerce.

44. West Cargo and Alliance are responsible for the acts, omissions, and conduct of Carilus in the operation of the truck pursuant to master/servant/agency/statutory employer/joint-borrowed employee doctrines, negligent entrustment, negligence and negligence *per se.*

45. T.C.A. §§ 55-10-311 and 55-10-312 are applicable to this cause and provide presumptions and prima facie evidence that the use of the subject commercial motor vehicle by Carilus was with the authority, consent, and knowledge of the owner of the vehicle and that the operation of the subject vehicle was for the use and benefit of said owner. As a result, West Cargo is vicariously liable for the negligent act and/or omissions of Carilus.

46. Pursuant to 49 U.S.C. 14102(a): a "motor carrier providing transportation . . . that uses motor vehicles not owned by it to transport property under an arrangement with another party" must "have control and be responsible for operating those motor vehicles in compliance with the requirements prescribed by the Secretary on safety of operations and equipment, and with other applicable law as if the motor vehicles were owned by the motor carrier."

47. Carilus, West Cargo, and Alliance were subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.20 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113, at the time and date of the collision.

48. Carilus, West Cargo and Alliance will be shown at trial to have violated the state and Federal Motor Carrier Safety Regulations, which constitutes negligence *per se.*

49. As a result of the Defendants' negligence, Plaintiff is entitled to damages as shown by the evidence, including but not limited to medical expenses, past and future; physical pain and mental suffering; loss of enjoyment of life; permanent injury; and lost wages and earning capacity, past and future. Defendants are liable to Plaintiff jointly and severally.

50. Plaintiff demands a trial by jury.

51. Plaintiff is entitled to recover damages from the Defendants, in a reasonable sum to be determined by a jury at trial, not to exceed $350,000.00, plus the costs of this cause.

**WHEREFORE**, Plaintiff demands:

a. That Plaintiff have judgment against Defendants in an amount to be determined by the jury at trial, not to exceed $350,000.00, plus costs;

b. That a jury be empaneled to try the issues when joined; and

THE HAMILTON FIRM

                              By:     _____
                                      Annette L. Kelley, BPR No. 021796
                                      2401 Broad Street, Suite 102
                                      Chattanooga, TN 37408
                                      Phone: (423) 634-0871
                                      Fax: (423) 634-0874
                                      Email: atk@thehamiltonfirm.com